ACCEPTED
05-15-00863-CV
FIFTH COURT OF APPEALS
DALLAS, TEXAS
12/21/2015 1:58:55 PM
LISA MATZ
CLERK

# No. 05-15-00863-CV

IN THE
FIFTH COURT OF APPEALS
DALLAS, TEXAS

FILED IN
5th COURT OF APPEALS
DALLAS, TEXAS
12/21/2015 1:58:55 PM
LISA MATZ
Clerk

EMERALD WACO INVESTMENTS, LTD.
*Appellant*

v.

DAVID RANDOLPH PETREE, RPLS,
*Appellee*

ON APPEAL FROM CAUSE NO. DC-15-04276
101ST JUDICIAL DISTRICT COURT,
DALLAS COUNTY, TEXAS

## **APPELLANT'S REPLY BRIEF**

Elizabeth G. Bloch
State Bar No. 2495500
Heidi.Bloch@huschblackwell.com
Husch Blackwell LLP
111 Congress Avenue, Suite 1400
Austin, Texas 78701
(512) 472-5456
(512) 480-5002 Fax

Peter J. Harry
State Bar No. 09134600
Pete.Harry@huschblackwell.com
Chad A. Johnson
State Bar No. 24026259
Chad.Johnson@huschblackwell.com
Husch Blackwell LLP
2001 Ross Avenue, Suite 2000
Dallas, Texas 75201
(214) 999-6100
(214) 999-6170 fax
ATTORNEYS FOR EMERALD
WACO INVESTMENTS, LTD.

## **ORAL ARGUMENT REQUESTED**

AUS-6204908-2 523514/2

# TABLE OF CONTENTS

ARGUMENT AND AUTHORITIES IN REPLY TO PETREE'S BRIEF...............1

I.   EWI's Certificate of Merit is Substantively Sufficient. ...................................1

    A.   Petree is barred from raising a substantive complaint to the Certificate of Merit. ...............................................................................................................1

    B.   Petree is barred from raising a substantive complaint to the Certificate of Merit. ...............................................................................................................2

II.  EWI Complied with the Statute.................................................................4

    A.   "Good Cause" is *Not* a Requirement for the Exemption............................4

    B.   EWI Properly Invoked the Exemption. .....................................................6

    C.   The Statutory Exemption did not have to be in the original pleading. ......9

III.  Dismissal of EWI's Claims Elevates Form Over Substance........................10

CONCLUSION AND PRAYER ...........................................................................11

# INDEX OF AUTHORITIES

## STATE COURT CASES

*Atkins v. Crosland,*
  417 S.W.2d 150 (Tex. 1967) ................................................................7, 8

*Benchmark Eng'g Corp. v. Sam Houston Race Park,*
  316 S.W.3d 41 (Tex. App.—Houston [14th Dist.] 2010, pet. dism'd by
  agr.)......................................................................................................11

*CBM Engineers, Inc. v. Tellepsen Builders, L.P.,*
   403 S.W.3d 339 (Tex. App.—Houston [1st Dist.] 2013, pet. denied)..............2, 3

*Couchman v. Cardona,*
  471 S.W.3d 20 (Tex. App.—Houston [1st Dist.] 2015, no pet. hist.)...................3

*Criterium-Farrell Eng'rs v. Owens,*
  248 S.W.3d 395 (Tex. App.—Beaumont 2008, no pet.)........................................2

*Crosstex Energy Services, L.P. v. Pro Plus, Inc.,*
  430 S.W.3d 384 (Tex. 2014) ........................................................ 5, 10

*DHM Design v. Morzak,*
  2015 WL 3823942 (Tex. App.—Dallas June 19, 2015) ......................................10

*Dunham Engineering, Inc. v. Sherwin-Williams Co.,*
  404 S.W.3d 785 (Tex. App.—Houston [14th Dist.] 2013, no pet.) ................ 3, 11

*Elness Swenson Graham Architects, Inc. v. RLJ II-C Austin Air, LP,*
  No. 03-10-00805-CV, 2011 WL 1562891 (Tex. App.—Austin Apr. 20,
  2011, pet. denied) ........................................................................................2

*Epco Holdings, Inc. v. Chicago Bridge and Iron Co.,*
  352 S.W.3d 265 (Tex. App.—Houston [14th Dist.] 2011, pet. dism'd)6, 10, 11, 12

*Gatrell v. Wren,*
  No. 01-11-00586-CV, 2011 WL 6147786 (Tex. App.—Houston [1st
  Dist.] Dec. 8, 2011, pet. denied)........................................................................2

*M-E Eng'rs, Inc. v. City of Temple,*
 365 S.W. 3d 497 (Tex. App.—Austin 2012, pet. denied) ......................................2

*Pakal Enterprises, Inc. v. Lesak Enterprises LLC,*
 369 S.W.3d 224 (Tex. App.—Houston [1st Dist.] 2011, pet. denied) ...............8, 9

*Trinity River Auth. v. URS Consultants, Inc., Texas,*
 889 S.W.2d 259 (Tex. 1994) ...........................................................................8

*WCM Group, Inc. v. Brown,*
 305 S.W.3d 222 (Tex. App.—Corpus Christi 2009, pet. review dism'd)............10

**STATUTORY AUTHORITIES**

Tex. Civ. Prac. & Rem. Code § 150.002(c) ........................................................ 5, 11

**STATE RULES AND REGULATIONS**

Tex. R. App. P. 9.4(e) ...........................................................................................13

**ARGUMENT AND AUTHORITIES**
**IN REPLY TO PETREE'S BRIEF**

In his brief, as he did below, Petree continues to insist that EWI be required to jump through procedural hurdles that the statute simply does not require EWI to clear in order to invoke the statutory exception to filing the Certificate of Merit with its Original Petition. Moreover, for the first time, Petree asserts that EWI's Certificate of Merit was substantively deficient—an argument never asserted below. As a result, EWI files this Reply.

## I. EWI's Certificate of Merit is Substantively Sufficient.

### A. Petree is barred from raising a substantive complaint to the Certificate of Merit.

Perhaps recognizing the procedural hoops and technicalities that Petree is asking the Court to require of EWI (all of which are contrary to the statute's purpose), Petree's initial argument—raised for the first time in this case—concerns the substantive content of EWI's Certificate of Merit. At no time before the trial court did Petree complain or object regarding the "content" of EWI's Certificate of Merit.[1] Instead, his motion to dismiss, and the supplement thereto, focused exclusively on the alleged failure by EWI to comply with the statute's procedures. Nevertheless, Petree now asks this Court to review the substance of the Certificate

---

[1] CR 20-29.

of Merit and find it deficient. This issue was never raised in the trial court and cannot be a basis for affirming the trial court's decision.

### B. EWI's Certificate of Merit is Sufficient.

In the event that the Court entertains Petree's new argument, the Certificate of Merit filed by EWI was sufficient to allow EWI's claims to proceed. Contrary to his contentions, the level of detail Petree seeks to require from EWI is not required.

"The purpose of the certificate of merit is to provide a basis for the trial court to conclude that the plaintiff's claims are not frivolous." *CBM Engineers, Inc. v. Tellepsen Builders, L.P.*, 403 S.W.3d 339, 345 (Tex. App.—Houston [1st Dist.] 2013, pet. denied) *citing Criterium–Farrell Eng'rs v. Owens*, 248 S.W.3d 395, 399 (Tex. App.—Beaumont 2008, no pet.). While the certificate must provide a factual basis for the allegations it does not need to recite the standard of care or how they were allegedly violated to sufficiently identify the professional errors. *See M–E Eng'rs, Inc. v. City of Temple,* 365 S.W.3d 497, 506 (Tex. App.-Austin 2012, pet. denied); *Gartrell v. Wren,* No. 01–11–00586–CV, 2011 WL 6147786, at *5 (Tex. App.-Houston [1st Dist.] Dec. 8, 2011, pet. denied) (mem. op.); *Elness Swenson Graham Architects, Inc. v. RLJ II–C Austin Air, LP,* No. 03–10–00805–CV, 2011 WL 1562891, at *4 (Tex. App.-Austin Apr. 20, 2011, pet. denied) (mem. op.).

"The statute does not require a plaintiff to marshal his evidence or provide the full range of information that the defendant is entitled to obtain through formal discovery." *CBM Engineers*, 403 S.W.3d at 346 *citing M-E Eng'rs*, 365 SW.3d at 504; *see also Couchman v. Cardona*, 471 S.W.3d 20, 26-27 (Tex. App.—Houston [1st Dist.] 2015, no pet. hist.); *Dunham Eng'g, Inc. v. Sherwin-Williams Co.*, 404 S.W.3d 785, 796 (Tex. App.—Houston [14th Dist.] 2013, no pet.). The statute only requires that EWI's Certificate of merit be from "a licensed professional, practicing in the same area of expertise as the defendant, provide a sworn written statement certifying that the defendant's actions were negligent or erroneous and stating the factual basis for this opinion." *Id*. The Certificate of Merit filed by EWI satisfied this standard.

Mr. Stark's sworn statement sets forth that (a) he holds the same license as Petree; (b) he reviewed the survey, the grading plan based thereon, the excavation work, and his own post-grading measurements of the site; (c) there should have been little to no excess dirt if Petree's survey was even reasonably accurate; and (d) there was more than 65,000 cubic yards of excess dirt.[2] Mr. Stark then does on to say that, based on his experience, the only way such an "***error*** was made" was either (i) no survey was conducted; (ii) the survey was done inaccurately; or (iii) an

---

[2]   CR 17-18.

out of date survey was provided.[3] These statements support both the negligence and breach of contract theories of recovery. Petree appears to contend that EWI was required to identify specific acts that caused the inaccuracy of the survey but that is precisely the type of information EWI will learn through discovery—not what is required for the Certificate of Merit.

Petree should not be permitted to ask this Court to review the substance of EWI's Certificate of Merit having never sought that review from the court below. However, even if the Court is inclined to review the content of the Certificate, Mr. Stark's affidavit is clearly sufficient and, as such, this argument does not provide an alternative basis for affirming the dismissal.

## II. EWI Complied with the Statute.

### A. "Good Cause" is *Not* a Requirement for the Exemption.

In what can only be seen as a further effort to confuse the issue, Petree continues to assert that there is, what he now terms a "statutory good cause exemption," as opposed to a "discretionary good cause extension." Petree asserts that EWI misunderstands the distinction. If that is the case perhaps that is because Petree never made this distinction until now. In fact, even with this newly described distinction, Petree continues to use the phrase "good cause" to discuss a statutory exemption that does not require "good cause." The initial thirty (30) day

---

3    CR 17-18.

extension to file the certificate of merit is *automatic* if limitations will expire within ten (10) days and the plaintiff alleges an affidavit could not be prepared before filing—**good cause is not required.** *See* TEX. CIV. PRAC. & REM. CODE §150.002(c). Rather, a showing of good cause is only required if the plaintiff seeks to extend the initial thirty (30) day extension. *Id. See also Crosstex Energy Services, L.P. v. Pro Plus, Inc.*, 430 S.W.3d 384, 391 (Tex. 2014). EWI never sought or asserted the "good cause" extension of the automatic 30-day exemption because it was not necessary—the Certificate of Merit was filed prior to the expiration of 30 days.

Moreover, Petree did not use this newly-described distinction when arguing to the trial court—instead he argued that good cause was, in fact, required, asserting that "there can be no **'good cause'** for Plaintiff's failure to timely file the certificate of merit . . . ."[4] Indeed, at the hearing Petree clearly argued that "good cause" was required for the initial automatic 30-day exemption, arguing:

> [T]here was no **good cause** invocation, and that **good cause** in fact was affirmatively negated by the certificate of merit affidavit of the registered professional land surveyor that they hired. So those are the issues that I want to address before the Court today.

(RR 6-7) (emphasis added)

---

[4]    (CR 28) (emphasis added)

Petree also argued that EWI was required to *establish* that the Certificate of Merit could not be prepared "in order to invoke the '**good cause**' exemption."[5] Similar to the fact that "good cause" is not required by the statute, EWI is only required to *allege* that the affidavit could not be prepared—not establish.

As set forth above, and in EWI's initial brief, there simply is not a "good cause" requirement in the statute for the initial, automatic 30-day exemption claimed by EWI. The trial court's decision to grant Petree's motion, which was based on a non-existent requirement, was an abuse of discretion.

### B.  EWI Properly Invoked the Exemption.

Petree incorrectly asserts that EWI could not invoke the 30-day exemption because limitations was not about to expire on either EWI's negligence or breach of contract claim.[6] As noted in its initial brief, EWI was not required to wait for the certificate of merit and allow the two-year anniversary of the survey to pass in hopes that the discovery rule would save its claims; nor has Petree cited any authority for such a proposition.

---

[5]  (CR 25-26) (emphasis added)

[6]  As noted in its initial brief, Petree's argument regarding the breach of contract claim is a red herring--EWI is not required to plead its claims piecemeal to satisfy the statute. Moreover, at least one Court of Appeals impliedly held that satisfying the exemption for negligence satisfied it for all claims. *See e.g., Appellants Epco Holdings, Inc., et al.'s Brief*, 2011 WL 994669, *11 (Cause No. 14-10-01266-CV in the Court of Appeals of Texas, Houston [14th Dist.]) ("[a]s alleged in the Original Petition and First Amended Petition, the failure to design sufficient catwalks constitutes breach of contract, breach of warranty, and negligence"); *see also Epco Holdings, Inc.*, 352 S.W.3d at 267 ("we reverse the trial court's order dismissing appellants' **claims** related to the design of the catwalks") (emphasis added).

Petree, in his brief, appears to abandon the 'discovery rule' argument in favor of arguing that limitations was not about to expire because the negligence cause of action did not accrue until there was a legal injury. In support of this argument Petree cites two cases discussing the test for legal injury and the accrual of a cause of action—neither of which involved application of the Certificate of Merit statute at issue in this case. For example, in *Atkins v. Crosland*, the Court stated that the test for accrual "is whether the act causing the damage does or does not of itself constitute a legal injury." *Atkins v. Crosland*, 417 S.W.2d 150, 153 (Tex. 1967). In essence, Petree contends that EWI, prior to filing suit, was required to engage in an analysis of its 'legal injury' and determine if that injury occurred on the date the deficient survey was prepared, the date the deficient survey was given to the engineer for use, the date dirt began to be moved in reliance on a deficient survey, the date dirt had to be hauled away, or any number of other dates. Then, in reliance on that determination, EWI should have held off filing suit in hope that its determination was correct and its claims were not now barred by limitations.

Petree provided no evidence below, and cites to nothing in the record in this Court, to provide the date of the 'legal injury' but, instead, simply concludes it was not the date of the survey. However, what cannot be questioned is that the earliest possible date that a 'legal injury' could have occurred was the date Petree provided

a deficient product—a negligently prepared survey to EWI. That date was exactly two-years prior to the filing of the instant lawsuit.

Moreover, the cases cited by Petree reveal that, as with the discovery rule, the legal injury/accrual analysis only comes into play when a defendant asserts that the normal limitation period has expired—there is no other reason to engage in that analysis. *See generally, Atkins*, 417 S.W.2d 150; *Trinity River Auth. v. URS Consultants, Inc., Texas*, 889 S.W.2d 259, 262 (Tex. 1994). Yet Petree asserts that EWI should have engaged in this analysis and taken the risk that it chose the correct date for legal injury rather than relying on the earliest possible date—the date of the survey—that limitations could have begun running. As with the discovery rule, Petree cites no authority for requiring EWI to engage in this analysis and run this risk.

Further, Petree's reliance on *Pakal Enterprises, Inc. v. Lesak Enterprises LLC* is misplaced. *Pakal Enterprises, Inc. v. Lesak Enterprises LLC*, 369 S.W.3d 224 (Tex. App.—Houston [1st Dist.] 2011, pet. denied). Contrary to Petree's assertion, *Pakal* does not "suggest" that the injury occurred sometime after the first survey.[7] Rather, the Court "[a]ssum[ed] without deciding" that limitations expired on a date that was after the date of the first survey because it was the date asserted by the Appellant. *Pakal*, 369 S.W.3d at 229. However, the accrual date and the

---

[7]    Appellee's Brief, p. 18.

running of limitations was not the issue in *Pakal*. Instead, the issue in *Pakal* was that the plaintiff filed a petition alleging damages from the provision of professional services well in excess of 10-days prior to limitations expiring, using its own asserted limitations date, but "did not file a certificate of merit until . . . 95 days after it filed its original petition." *Id.* Neither of these facts are present in the instant case.

## C. The Statutory Exemption did not have to be in the original pleading.

EWI filed the Certificate of Merit and its First Supplement to its Original Petition on May 7, 2015—less than thirty (30) days after, and before service of, the Original Petition.[8] EWI complied with the statute. Contrary to Petree's position, EWI was not required to invoke the exemption in the "first-filed pleading."[9] The plain language of the statute does not require the invocation to be in the first-filed pleading nor has any court so held. As set forth in EWI's initial brief, the only Courts of Appeal to decide the issue have found the statute satisfied so long as the invocation of the exemption occurred within the statutory 30-day window. Indeed, Petree admits as much when the only authority he cites for his assertion is a

---

[8] CR 5-9 & 14-19.

[9] Appellee's Brief, pp. 21-22.

dissenting opinion.[10]  There is no case holding that the exemption must be "invoked" in the original petition.[11]  As exhaustively set forth in the majority opinion in the *Epco* case, neither the statute nor the legislative history imposes such a requirement.  *See Epco*, 352 S.W.3d at 270-72.  As a result, it was an abuse of discretion for the trial court to impose such a requirement in dismissing EWI's claims.

### III.     Dismissal of EWI's Claims Elevates Form Over Substance.

As set forth in EWI's initial brief, the purpose of the statute is "***not to dismiss meritorious claims on a procedural technicality***."  *WCM Group, Inc. v. Brown*, 305 S.W.3d at 230 (emphasis added).  Yet that is exactly what Petree sought and the trial court did.  The trial court dismissed this case where it is undisputed that the Certificate of Merit was filed within twenty-two (22) days of, and was served contemporaneously with, the Original Petition.[12]  As noted above, although attempting to do so before this Court, Petree made no substantive complaint about the Certificate of Merit in the court below.  Instead, his complaint

---

[10]   Appellee's Brief pp. 22-24 *citing Epco Holdings, Inc. v. Chicago Bridge & Iron Co.*, 352 S.W.3d 265, 277 (Tex. App.—Houston [14th Dist.] 2011, pet. dismissed) (dissenting opinion).

[11]   Petree also points to *DHM Design v. Morzak* and *CrossTex Energy Services, L.P. v. Pro Plus, Inc.*, in support of his position.  *See* Appellee's Brief, p. 24.  However, Petree's reliance is misplaced.  As EWI set forth in its initial brief the issue of in which pleading the invocation of the exemption had to be made was not before the Court in either of those cases.  *See* Appellant's Brief, n. 32; *DHM Design v. Morzak*, 2015 WL 3823942 (Tex. App.—Dallas June 19, 2015); *CrossTex Energy Services, L.P. v. Pro Plus, Inc.*, 430 S.W.3d 384, 391 (Tex. 2014).

[12]   CR 5-9, 14-19, & 65-66; App. A.

to the trial court was based entirely on a procedural technicality. Petree's contentions, and the trial court's dismissal based thereon, is the height of elevating form over substance and acts contrary to the statute's purpose. In short, the trial court acted "in an unreasonable and arbitrary manner . . . without reference to any guiding rules or principles." *Dunham Engineering, Inc. v. Sherwin-Williams Co.*, 404 S.W.3d 785, 789 (Tex. App.—Houston [14th Dist.] 2013, no pet.) *citing Benchmark Eng'g Corp. v. Sam Houston Race Park*, 316 S.W.3d 41, 44 (Tex. App.—Houston [14th Dist.] 2010, pet. dism'd by agr.). As such, the trial court abused its discretion.

## CONCLUSION AND PRAYER

Because Plaintiff's Original Petition was filed within ten days of the expiration of the statute of limitations, and the Supplemental Petition contained the allegation that the Certificate of Merit could not be served contemporaneously due to time constraints, Plaintiff met all the requirements of Section 150.002(c). As in the *Epco* case, "[d]ismissal of [EWI's] lawsuit under the present circumstances—when [EWI] made the allegation and filed the certificate of merit within thirty (30) days—[is not] a just and reasonable result under the express terms or purpose of the statute." *Epco*, 352 S.W.3d at 272. This is particularly true where, as here, Petree was served with the Original Petition, as supplemented, and the Certificate of Merit on the same day. The trial court abused its discretion by failing to

correctly analyze and apply the law. *Epco*, 352 S.W.3d at 269. Therefore, EWI respectfully requests that this Court reverse the trial court and remand the case for further proceedings.

Respectfully submitted,

**HUSCH BLACKWELL LLP**
2001 Ross Avenue, Suite 2000
Dallas, Texas 75201
(214) 999-6100
(214) 999-6170 (fax)

By:   */s/ Peter J. Harry*
       Peter J. Harry
       Pete.Harry@huschblackwell.com
       State Bar No. 09134600
       Chad A. Johnson
       Chad.Johnson@huschblackwell.com
       State Bar No. 24026259

ATTORNEYS FOR APPELLANT,
EMERALD WACO INVESTMENTS, LTD.

**CERTIFICATE OF COMPLIANCE**

1.     I hereby certify that the foregoing document contains 3,466 words, according to the word count of the computer program used to prepare it, in compliance with Rule 9.4(i)(2).

2.     This brief complies with the typeface requirements of TEX. R. APP. P. 9.4(e). This brief has been prepared in a proportionally spaced typeface using Microsoft 2010 in 14-point font Times New Roman.

*/s/ Chad A. Johnson*
CHAD A. JOHNSON

**CERTIFICATE OF SERVICE**

I hereby certify by my signature below that a true and correct copy of the foregoing document has been forwarded to counsel of record for Appellee via U.S. Mail on this the 21st day of December, 2015, in compliance with the Texas Rules of Civil Procedure.

*/s/ Chad A. Johnson*
CHAD A. JOHNSON